JAYNE *v.* SEBEWAING COAL CO.

MASTER AND SERVANT—NEGLIGENCE—IMPROPER USE OF APPLIANCES.

Where appliances are suitable and in . proper condition for the purpose for which they are intended, the master is not liable in damages to an employé who is injured while unnecessarily using them for some other purpose. So *held* where a miner, while ascending from the mine in a cage constructed for that purpose, was injured by using as a hand-hold part of the apparatus provided for hoisting the cage from the mine.

Error to Huron; Beach, J. Submitted January 8, 1896. Decided January 28, 1896.

Case by William T. Jayne against the Sebewaing Coal Company for personal injuries. From a judgment for plaintiff, defendant brings error. Reversed.

*John E. Simonson* and *W. T. Bope*, for appellant.

*Olin Pengra*, for appellee.

GRANT, J. The defendant was engaged in coal mining. The mine was about 125 feet deep. Its employés were let down into the mine, and taken out, through a perpen-

dicular shaft, by means of a cage. The coal was raised in the same manner. The shaft had two cages. When one went down the other came up. The bottom of the cage contained a track upon which cars loaded with coal were run from the level for hoisting. These cages were raised and lowered by means of a drum and engine upon the surface. Each cage was about 4 feet 1 inch wide, 5 feet 7 inches long, and 4 feet 7 inches high, to the crossbeam, which was 7½ by 9½ inches. An eye-bolt goes through the crossbeam at its center, and is fastened on the underside by a nut, and is attached to a wire rope on the upper side. The sides of the cage are uninclosed. There are three iron rods on each side of the cage, two angling and one perpendicular. This cage is one in common use in coal mining. The plaintiff was an experienced miner, had been employed in this mine for 11 days previous to the accident, and had gone up and down on this cage four times a day. Four men usually occupy the cage, though oftentimes more men go up and down on it. Upon the day in question four men, of whom the plaintiff was one, stepped upon the cage to go up. He was the last one upon it. One of the number then gave the signal to ascend by pulling the wire. Each miner had a lighted lamp upon his hat. When plaintiff stepped upon the cage he placed his hand around this nut. It is claimed that there was a space between the nut and the plate on the crossbeam of about three-fourths of an inch. Into this space he placed one of his fingers. As the cage ascended, the nut was drawn up, and his finger crushed. It is claimed that, in some manner, this eye-bolt became loose, so that, when the cage rested upon the bottom, the bolt dropped down for about three-fourths of an inch. This is the negligence charged, and upon which recovery was had. The court correctly instructed the jury that the cage was properly constructed, that this bolt and nut were not put there as a hand-hold, and that by the existence of the space between the nut and the crossbeam the cage was not out of repair for the original purpose for which it was constructed; but left it to

the jury to determine (1) whether it was negligence to leave this space, and (2) whether it was proper care upon plaintiff's part to put his hand upon the nut.

In our opinion, the court should have directed a verdict for the defendant. The nut was not intended as a hand-hold, and there was no necessity for the plaintiff to use it as such. The defendant was not chargeable with knowledge that its employés would use the nut for that purpose. Parties are not liable for negligence where their machinery and appliances are in proper condition for the use for which they were intended. When employés use them for a purpose and in a manner for which they are not intended, they alone are chargeable with fault, if injury results.

The judgment will be reversed, and, inasmuch as no different state of facts can be shown on a new trial, none will be ordered.

The other Justices concurred.